# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS PALOMAR, | Case No. 1:15-cv-01279-DAD-SAB-HC |
| Petitioner, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 16) |
| RAYMOND MADDEN, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for appointment of counsel. (ECF No. 16).

    There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

    Petitioner mentions that someone has been assigned to represent the Respondent and Petitioner requests that the Court appoint him an attorney as well. It appears that Petitioner is

1

referring to Respondent's counsel's October 22, 2015 notice of appearance and designation of counsel for service. The Court notes that the Court did not appoint an attorney for Respondent.

Petitioner argues that counsel should be appointed because he cannot afford an attorney, he does not know anything about the law, and he does not know how to read or write English. Petitioner indicates that he asked someone to write his motion for appointment of counsel for him. The Court notes that Petitioner was able to submit his petition, motion to proceed in form pauperis, and the instant motion for appointment of counsel in English. Therefore, the record suggests that Petitioner either has some proficiency in English or access to a translator.

Upon a review of Petitioner's petition, motion to proceed in forma pauperis, and the instant motion for the appointment of counsel, the Court finds that Petitioner has a sufficient grasp of his claims for habeas relief and the legal issues involved, and that he is able to articulate those claims adequately, even though someone else may be assisting him. Furthermore, Petitioner does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance." See Weygandt, 718 F.2d at 954. Therefore, in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **December 7, 2015**

UNITED STATES MAGISTRATE JUDGE