UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS PALOMAR,<br><br>    Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN,<br><br>    Respondent. | No. 1:15-cv-01279-DAD-SAB-HC<br><br><u>ORDER GRANTING PETITIONER LEAVE TO FILE LATE OBJECTIONS, ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. Nos. 24, 33) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On August 2, 2016, the assigned magistrate judge issued findings and recommendation recommending that the petition be denied. (Doc. No. 24.) The findings and recommendation were served on petitioner with notice provided that any objections thereto were to be filed within thirty (30) days of the date of service of the order. The court subsequently granted petitioner four extensions of time to file his objections to the findings and recommendations. On January 20, 2017,[1] petitioner submitted a request for leave to file late objections along with his objections. (Doc. Nos. 33, 34.) In the interest of justice, the court will

---

[1] Pursuant to the prison mailbox rule, "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 270–71 (1988)). Here, the objections were delivered to the prison authorities for mailing on January 20, 2017. (Doc. No. 34 at 10.)

1

grant petitioner leave to file late objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the undersigned concludes the findings and recommendation are supported by the record and proper analysis. To the extent petitioner argues that the state court made an unreasonable determination of the facts presented to it under 28 U.S.C. § 2254(d)(2), he has made no persuasive showing that this is the case. Rather, petitioner simply renews his prior arguments, which provide no basis to question the magistrate judge's findings and recommendations.

Finally, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court declines to issue a certificate of appealability.

Accordingly, for the reasons set forth above:

1. Petitioner's request for leave to file late objections (Doc. No. 33) is granted;
2. The findings and recommendation issued August 2, 2016 (Doc. No. 24) are adopted;
3. The petition for writ of habeas corpus is denied;

2

4. The Clerk of Court is directed to close the case; and

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __**May 8, 2017**__    _____
UNITED STATES DISTRICT JUDGE